IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Charles Hickey Jr., et al.,      :
                                 :    Case No: 2:08-CV-0824
      Plaintiffs,                :
                                 :    Judge Graham
      vs.                        :
                                 :    Magistrate Judge King
Mary Susan Chadick, et al.,      :
                                 :
      Defendants.                :

**ORDER**

On September 18, 2009, this court entered an order (Doc. 32)
denying plaintiffs' request for discovery outside the
administrative record. Plaintiffs have since moved for
reconsideration, arguing that evidence in the administrative
record demonstrates the court's decision was incorrect. (Doc.
36). Plaintiffs have also filed a second motion for discovery
outside the administrative record and for supplementation of the
administrative record based on new evidence (Doc. 45). For the
reasons that follow, both motions are DENIED.

I.    **BACKGROUND**

In their original requests for discovery outside of the
administrative record and supplementation of the administrative
record (Doc. 13, 15, 21, 23), plaintiffs argued that they were
improperly debarred for shipment of nonconforming parts on
government contracts. Part of plaintiffs' argument centered
around their allegation that their competitor, AM General,

received preferential treatment over plaintiffs. (Doc. 21, p.9).
Specifically, plaintiffs claim they were debarred for shipment of
nonconforming idler arms while AM General was not debarred, and
instead granted a waiver, when it supplied nonconforming idler
arms. In their original motion, plaintiffs did not point this
court to any evidence indicating that the DLA or the debarring
official was aware of the waiver given to AM General. In fact,
this court relied on plaintiffs affidavit that stated "[w]e do
not know whether the debarring official was aware of it or was
kept in the dark." See Order, Doc. 32, p. 11 citing Doc. 21,
Affidavit of Larry Howard, ¶ 9.

In plaintiffs' request for reconsideration (Doc. 36),
plaintiffs argue this court's order was incorrect because
evidence in the administrative record indicates that the DLA was
aware of the waiver granted to AM General for nonconforming idler
arms. In their new motion for discovery and supplementation of
the administrative record (Doc. 45), plaintiffs attach additional
evidence they received through a Freedom of Information Act
(FOIA) request that they allege demonstrates additional reasons
why discovery outside the administrative record should be
permitted. First, plaintiffs allege the new evidence demonstrates
that AM General's idler arms failed the same tests that
plaintiffs' idler arms failed, yet AM General was not proposed
for debarment. Second, plaintiffs allege that the new evidence

demonstrates AM General's failures led to a change in the drawing specifications and Quality Assurance Provision (QAP) standards for idler arm contracts, yet neither plaintiffs nor the debarring official were made aware of these changes. Third, plaintiffs allege that DSCC engaged in bad faith by failing to disclose the information regarding AM General's failed test and the changes in drawing specifications and QAP standards to the debarring official. Based on the evidence that the debarring official knew of the waiver given to AM General and for the three reasons listed in plaintiffs' new motion, plaintiffs once again argue they are entitled to discovery outside the administrative record and supplementation of the administrative record.

## II.  DISCUSSION

Neither plaintiffs' motion for reconsideration nor plaintiffs' new motion for discovery outside the administrative record justify discovery in this case. "When exceptional circumstances arise . . . the reviewing court may exercise its discretion to expand or supplement the administrative record." See Charter Twp.Van Buren v. Adamkus, No. 98-1463, 1999 U.S. App. LEXIS 21037 at * 14 (6th Cir. Aug. 30, 1999).  This court's September 18, 2009 order noted that discovery outside the administrative record is only appropriate in three circumstances: 1) when an "agency deliberately or negligently excludes certain

documents," 2) "when the court needs certain 'background information' in order to determine whether the agency considered all of the relevant factors," and 3) when there is a "'strong showing' of bad faith." <u>Sierra Club v. Slater</u>, 120 F.3d 623, 638 (6th Cir. 1997)(quoting <u>James Madison Ltd. by Hecht v. Ludwig</u>, 82 F.3d 1085, 1095 (D.C. Cir. 1996)). Plaintiffs have not demonstrated any of these circumstances here.

### A.    Motion for Reconsideration

In their original motion for discovery and supplementation of the administrative record, plaintiffs argued the debarring official acted in bad faith by failing to consider that AM General was granted a waiver for nonconforming idler arms. Because plaintiffs' original motion indicated the debarring official did not know of the waiver given to AM General, this court concluded that there was no reason to believe she could have acted in bad faith by failing to consider that argument. Plaintiffs now belatedly point to evidence in the administrative record that the debarring official did know of the waiver, but this evidence does not change the outcome of this court's September 18, 2009 order because the this court has no jurisdiction to review an agency's decision to choose not to pursue enforcement action.

Regardless of whether AM General was granted a waiver for nonconforming idler arms, the fact remains that plaintiffs'

shipped nonconforming idler arms. Evidence indicating AM

General's parts were nonconforming does not indicate that the

debarring official or the DSCC acted deliberately or negligently

to exclude documents related to the waiver or acted in bad faith

simply because AM General was not debarred for the same behavior.

An agency's decision to choose not to pursue enforcement action

is generally committed to an agency's absolute discretion.[1]

Heckler v. Chaney, 470 U.S. 821, 831 (1985). In Kisser v.

Cisneros, the D.C. Circuit reversed the district court's finding

that the agency's debarment of a corporate officer was arbitrary

and capricious because debarment proceedings were not brought

against others in the company similarly situated. 14 F.3d 615,

620 (D.C. Cir. 1994). Despite plaintiffs assertion that "[t]he

issue is not whether AMG should have been debarred," this court

cannot read plaintiffs' motion any other way. The situation here

is analogous to Kisser because in Kisser, the D.C. Circuit

reversed the district court's finding that the agency decision

was arbitrary and capricious because other officers were not

proposed for debarment. Similarly, plaintiffs here are arguing

that the 2005 debarment decision was arbitrary and capricious

because AM General was not proposed for debarment.  As in Kisser,

this court has no jurisdiction to review whether the DLA should

---

[1]Although this presumption can be rebutted in certain
circumstances, plaintiffs have not argued those circumstances
apply here.

have pursued debarment against AM General.

Plaintiffs have failed to show that documents evidencing the waiver granted to AM General demonstrate any of the three circumstances required by <u>Slater</u> in order to allow discovery outside of the administrative record.


**B.    New Motion for Discovery**

**1.    AM General's Failed Tests**

Plaintiffs argue that new evidence attached to their new motion demonstrates that AM General failed the same tests that plaintiffs failed, yet AM General was not proposed for debarment but instead granted a waiver. As stated above, whether or not AM General failed tests but was not proposed for debarment is not within this court's jurisdiction to review.


**2.    Changes in Drawing Specifications and QAP Standards**

Plaintiffs argue that new documents show that after AM General was granted the waiver, the idler arm drawing specifications and the QAP standards were changed for the benefit of AM General. Plaintiffs argue that because they were not made aware of these changes during the debarment proceedings, they lost the opportunity to argue before the debarring official that their nonconformance on government contracts was not serious. But plaintiffs' have not shown that the changes in the specifications

or QAP standards for the idler arms would have eliminated all of
the reasons the debarring official found their idler arms to be
non-conforming. Nor do these changes in specifications vitiate
the multitude of other grounds for the debarment that did not
involve idler arms. The fact that drawing specifications and QAP
standards were later changed does not demonstrate that documents
evidencing these changes were deliberately or negligently
excluded from the record, are needed for background information,
or that the agency acted in bad faith in order to justify
discovery outside of the administrative record, as required by
<u>Slater</u>.


### 3. Whether the DSCC "Buried" Documents

Finally, plaintiffs allege that the DSCC acted in bad faith
because it "buried" information regarding AM General's test and
the subsequent changes in the drawing specifications and QAP
standards from plaintiffs. (Doc. 45, p. 16). In order to rely on
bad faith to seek discovery or supplementation of the
administrative record, plaintiffs must make a "strong showing."
<u>Slater</u>, 120 F.3d at 638. "To overcome the presumption of validity
of agency action . . . plaintiff must show specific facts
indicating the challenged action was reached because of improper
motives." <u>Adamkus</u>, 1999 US APP LEXIS 21037 at *16. Plaintiffs
base their allegations of bad faith on the fact that the

documents they received through their FOIA request were not made part of the electronic case file and because after plaintiffs' FOIA request, plaintiffs were initially sent the wrong documents, (although the correct documents were later provided). But plaintiffs have provided no evidence that these documents were "buried" or purposefully withheld during the administrative proceeding. Simply because these documents are not a part of the electronic case file or because they were not initially sent in response to plaintiffs' FOIA request does not demonstrate the strong showing of bad faith required to justify discovery outside the administrative record as required by <u>Slater</u>.

Thus, this court finds no reason to alter its prior opinion to allow discovery beyond the administrative record or supplementation of the administrative record when plaintiffs have failed to demonstrate this court's jurisdiction to review their allegations and plaintiffs have failed to demonstrate any one of the <u>Slater</u> circumstances justifying discovery beyond the administrative record.

## III. <u>Conclusion</u>

For the foregoing reason, this court denies plaintiffs' motion for reconsideration (Doc. 36) and its second motion for discovery and supplementation of the administrative record (Doc. 45).

It is so ORDERED.

s/ James L. Graham
                                            JAMES L. GRAHAM
                                            United States District Judge

DATE: December 4, 2009